IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGNACIO FIGEROA, | ) | 8:07CV460 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TYSON FRESH MEATS, INC., a | ) | |
| subsidiary of Tyson Foods, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Sanctions and
Extension of Time. (Filing No. 33.) As set forth below, the Motion is granted in part.

## I.   BACKGROUND

On November 29, 2007, Plaintiff Ignatio Figeroa, acting through counsel, filed
a Complaint alleging that he suffered retaliation and employment discrimination by
Defendant because Plaintiff is Hispanic. (Filing No. 1.) On June 6, 2008, United
States Magistrate Judge Thomas Thalken entered an Order Setting Final Schedule for
Progression of Case. (Filing No. 15.) That order provides, among other things, that
all depositions were to be completed by October 1, 2008. (*Id.*)

On October 1, 2008, Defendant filed its Motion for Sanctions. (Filing No. 33).
The Motion and Brief in Support argue that this matter should be dismissed due to
Plaintiff's failure to appear at his deposition. (Filing Nos. 33 and 34.) Defendant
states that from May through September 2008, counsel for the parties worked to
schedule Plaintiff's deposition. (Filing No. 35-2, Attach. 1, at CM/ECF pp. 1-2.) The
parties finally agreed that Plaintiff's deposition would occur on September 2, 2008,
the Tuesday following the Labor Day holiday. (*Id.* at CM/ECF p. 2.) Approximately
10 days prior to the scheduled deposition, Defendant sent an email and left voicemails

for Plaintiff's counsel regarding whether Plaintiff required an interpreter for the September 2, 2008 deposition. (*Id.*) On Saturday, August 30, 2008, Plaintiff's counsel left a voicemail for Defendant's counsel indicating that an interpreter was necessary. (*Id.*) However, because it was a holiday weekend and because of the delay in requesting an interpreter, one could not be arranged. (*Id.*)

The parties worked together and rescheduled Plaintiff's deposition for September 8, 2008. (*Id.*) However, on September 8, 2008, neither Plaintiff nor his counsel appeared for the scheduled deposition. (*Id.*) After waiting approximately 20 minutes, Defendant's counsel reached Plaintiff's counsel by telephone. (*Id.* at CM/ECF p. 3.) Plaintiff's counsel stated that neither he nor Plaintiff would appear for the deposition and that "he and Plaintiff had some unresolved issues." (*Id.*) On that same date, Plaintiff's counsel sought leave to withdraw as counsel which was granted by the court on September 10, 2008. (Filing Nos. 27 and 30.) Since the withdrawal of counsel, Plaintiff has not filed a single document and did not respond to the Motion for Sanctions. (*See* Docket Sheet.) Defendant argues that, due to Plaintiff's failure to appear at his deposition, this case must be dismissed pursuant to Federal Rules of Civil Procedure 37(d). (Filing No. 34.)[1]

Plaintiff has a separate pending case in this court which alleges similar claims against the same Defendant. (Case No. 06cv748, Filing No. 29.) The status of the two cases is nearly identical, and Defendant recently filed a Motion for Sanctions and Extension of Time in that matter, which the court granted in part. (Case No. 06cv748, Filings Nos. 68 and 79.) For the same reasons present in that case, Defendant's

---

[1]Defendant does not seek monetary sanctions for Plaintiff's failure to appear at his deposition because an award of such costs would be duplicative of the request made in Case No. 06cv748. (Filing No. 34 at CM/ECF p. 5.)

2

Motion here is also granted in part.[2]

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Sanctions may include:

    (i)    directing that . . . designated facts be taken as established for the purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part; [or]

    (vi)    rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

There is no indication that Plaintiff's failure to appear was substantially justified. However, the question remains whether dismissal is an appropriate sanction. On the one hand, Plaintiff has made scheduling his deposition very difficult and failed to appear at his deposition without good cause. Further, he has failed to

---

[2]The court recognizes that this Memorandum and Order is nearly identical to that filed in Case No. 06cv748. (Case No. 06cv748, Filing No. 79.) Regardless, for the sake of clarity, the court repeats its analysis below.

respond to the Motion for Sanctions.  (*See* Docket Sheet.)  On the other hand, it is very apparent that Plaintiff and his counsel had "unresolved issues" and there is some question regarding whether Plaintiff's failure to cooperate and appear was his own fault or the fault of his counsel.

The court finds that dismissal is too extreme a sanction based on the record currently before the court.  Nevertheless, there is reason to believe that Plaintiff is not prosecuting (and does not intend to prosecute) this action diligently.  Therefore, Plaintiff will be ordered to show cause why his Complaint should not be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  *See also, e.g., Tettaton v. Midwest Med. Assoc., Inc.*, No. 4:06CV1704 TIA, 2008 WL 480184, at *1 (E.D. Mo. Feb. 19, 2008).  Plaintiff shall have until January 12, 2009 to file a sworn statement explaining why this case should not be dismissed for failure to prosecute and describing the discovery that Plaintiff has conducted to date, if any.  Further proceedings in this case will be stayed until Plaintiff satisfies the order to show cause, or until the deadline for him to do so passes.  *See* Fed. R. Civ. P. 37(b)(2)(A)(iv).  If Plaintiff fails to respond to the order to show cause, this action will be dismissed without prejudice and without further notice.  *See* Federal Rule of Civil Procedure 41(b); *Tettaton*, 2008 WL 480184, at *1-2.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **January 12, 2009** to show cause why this action should not be dismissed for failure to prosecute this matter diligently.

2.    Further proceedings shall be stayed until Plaintiff shows cause why this action should not be dismissed or until the deadline for him to comply with the show cause order passes.

3.    Defendant's Motion for Sanctions and Extension of Time (filing no. 33)

4

is granted in part in accordance with this Memorandum and Order.

4.    The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 12, 2009:  check for response to show cause and dismiss if none filed.

December 10, 2008.                    BY THE COURT:


                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge

5